OPINION.
Richardson, J.,
delivered the opinion of the court:
David Irvine and C. J. Field, deceased, whose estates are represented by the claimants, owned 67 bales of cotton, which they had raised on their plantation in Mississippi. On the 20th of February, 1863, the cotton was taken by naval officers, put on board of a gunboat, and finally delivered, with other cotton taken in like manner, to the marshal of the United States at Cairo, Ill., where it was libeled under the Confiscation Act (12 Stat. L., 589) and sold by order of court before condemnation.
Thereupon one B. F. Compton appeared before the court and claimed this lot of cotton and some other as his own private property, and by order of court the proceeds of the sale of the same were paid over to him.
The claimants bring this action to recover the amount of the proceeds of these 67 bales.
It was the misfortune of the owners of this cotton that they were inhabitants of rebel territory during the war of the rebellion, amibo were in law rebel enemies, and that the cotton fell into the hands of the Union naval forces engaged in actual warfare. All property so seized might have been confiscated under the statutes, or held as booty under the more rigorous rules of warfare. But Congress, by the passage of the Abandoned or Captured Property Act of March 12,1863 (12 Stat. L., 820), waiv *618 ing to some extent the severer laws, undertook, through this court, to restore to loyal citizens the proceeds of their captured or abandoned property which actually reached the public Treasury. But it went n o furth er. It gave no remedy to those whose property, although seized by officers of the United States, was lost, stolen, or otherwise so disposed of that no proceeds ever reached the Treasury.
In the case of United States v. Ross (92 U. S. R., 281), the Supreme Court points out what must be established by claimants under that act in order to entitle them to recover. Mr. Justice Strong, speaking for the court, says:
“It is incumbent upon claimants, under the Captured or Abandoned Property Act, to establish by sufficient proof that the property captured or abandoned came into the hands of a Treasury agent; that it was sold; that the proceeds of the sale were paid into the Treasury of the United States; and that he was the owner of the property, and entitled to the proceeds thereof. All this is essential to show that the United States is a trustee for him, holding his money.”
The findings in this case show that the proceeds of the cotton in controversy did not reach the Treasury, but were paid over to another party by order of court, and therefore the petition must be dismissed.